Elaine FOSTER, Petitioner,

v.

MAYOR'S AGENT FOR HISTORIC
PRESERVATION, Respondent.

No. 95–AA–868.

District of Columbia Court of Appeals.

Submitted May 27, 1997.

Decided June 3, 1997.*

Filed July 24, 1997.

Elaine M. Foster, pro se.

Jo Anne Robinson, Interim Corporation Counsel, Charles L. Reischel, Deputy Corporation Counsel, and Lutz Alexander Prager, Assistant Deputy Corporation Counsel, for respondent.

Before STEADMAN, FARRELL, and REID, Associate Judges.

PER CURIAM:

An administrative law judge (ALJ), acting as the Mayor's agent for historic preservation, denied petitioner's application (on behalf of the Capitol House Condominium) for a permit to install a trash dumpster and recycling bins permanently on a public space, and to surround the dumpster/bins with a wooden fence. The ALJ, after an evidentiary hearing, found that the proposed installation would be inconsistent with the purposes of the Historic Landmark and Historic District Protection Act of 1978 (the Act), *see* particularly D.C.Code §§ 5–1001(b)(1)(A)-(B), – 1005(f) (1994).[1] We affirm essentially for the reasons stated by the ALJ.

In her petition for review, petitioner broadly questions whether the Act applies to her permit request. But, as the ALJ determined, petitioner's request was "to alter the exterior *or site* of . . . a building or structure in an historic district," § 5–1005(a) (emphasis added), and so fell within the requirements of the Act.[2] Specifically, petitioner's request to install a 4'-thick concrete pad as a base for the dumpster and bins and surround them with a permanent fence was a

---

\* The disposition in this case was issued as a Memorandum Opinion and Judgment on June 3, 1997, and is being published upon the court's grant of respondent's motion to publish.

**1.** Previously, the Historic Preservation Review Board had recommended disapproval of petitioner's permit application.

**2.** Referral of the permit request in the first instance to the Historic Preservation Review Board (HPRB) is supported by D.C.Code § 5–1005(b) and 24 DCMR § 200.7 (1985).

site alteration within the meaning of the statute. Petitioner also argues that "historic character [D.C.Code § 5–1001(b)(1)(B)] is nowhere defined [by the Act or regulations] and, in the instant case, appears to be anything that members of the HPRB [who recommended disapproval] want it to be." To the contrary, the conclusion of the Mayor's agent that permanent installation of trash dumpsters on public space is inconsistent with preserving the sightliness and historic integrity of districts covered by the Act is reasonable and not in contravention of the statutory language, *see, e.g., Nova Univ. v. Educational Inst. Licensure Comm'n,* 483 A.2d 1172, 1190 (D.C.1984), and therefore must be sustained.[3]

Further, the ALJ reasonably concluded that petitioner's application did not meet the "special merit" requirements of D.C.Code §§ 5–1002(10), (11), *see Committee of 100 on the Federal City v. District of Columbia Dep't of Consumer & Regulatory Affairs,* 571 A.2d 195, 200 (D.C.1990), and that petitioner had not demonstrated "[u]nreasonable economic hardship" that would flow from denial of the permit. *See Kalorama Heights Ltd. Partnership v. District of Columbia Dep't of Consumer & Regulatory Affairs,* 655 A.2d 865, 871 (D.C.1995).

Finally, petitioner has made no showing of disparate treatment or discriminatory animus, *see Bagley v. Foundation for the Preservation of Historic Georgetown,* 647 A.2d 1110, 1114 & n. 10 (D.C.1994), sufficient to support her claim of denial of equal protection.[4]

*Affirmed.*

---

**3.** In a supplemental memorandum, the District calls our attention to regulations under 24 DCMR which spell out procedures for issuance of public space permits and provide specifically that "no permit for use of public space shall be issued without Committee [*i.e.,* Public Space Committee] approval." 24 DCMR § 200.4 (1985). The District asserts that these regulations harmonize with those governing historic preservation by "requir[ing] two levels of approval," the second of which—by the Public Space Committee—was unnecessary here since the Mayor's agent for historic preservation had properly denied approval. Petitioner presents us with no argument or reason why the relationship of the two sets of regulations as described by the District is unreasonable. *See Nova Univ., supra.* Nor does she dispute the fact that the order of the Mayor's agent after a hearing presents a contested case for our review.

**4.** We likewise reject her claims of denial of due process and failure to give notice to the Advisory Neighborhood Commission.